IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES HUFFNAGLE, JAMES HEARN<br>REINHOLD HOLTKAMP,<br>WILLIAM HEMRICK, MELVIN W. MARTIN,<br>HOWARD LUARTES, individually, and in his<br>Capacity as Member and Director, on behalf of<br>TEA PARTY HD, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY LOIACONO, individually and<br>d/b/a HEADS & TAILS, INC., a suspended<br>California Corporation,<br><br>    Defendants. | Case No.: 3:11-cv-01009<br>JURY DEMAND |

## CONFIDENTIALITY ORDER

WHEREAS, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, it is this  31st   day of July, 2012, ORDERED that:

1.     Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Order.

2.     Any party may designate documents as CONFIDENTIAL, but only after review of the documents by an attorney who has, in good faith, certified that the documents contain

information protected from disclosure by statute, sensitive personal or business information, trade secrets, financial information, or confidential research, development, or commercial information (by executing the form of certification set forth at **Attachment A** hereto).

    a.    If a party produces documents that contain information which qualifies to be CONFIDENTIAL information and the producing party has not designated such information as CONFIDENTIAL, then counsel for another party may designate such information as CONFIDENTIAL within 30 days of production of such documents. Inadvertent or unintentional delay in making such a designation as to documents produced by another party shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Order.

    3.    Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken, or within seven business days after receipt of the transcript. Such designation shall be made in writing and shall be specific – by reference to page and line numbers - as to the portions to be protected. Deposition testimony designated CONFIDENTIAL must concern sensitive personal or business information, trade secrets, financial information, or confidential research, development or commercial information.

    a.    Documents designated as CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶3b) for any purposes whatsoever, other than preparing for and conducting this litigation (including any appeal of this litigation).

    b.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the

person to whom disclosure is to be made has executed an acknowledgment that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

       1)     Counsel appearing herein for the parties, and employees of such counsel, who have responsibility for the preparation and trial of the lawsuit;

       2)     Parties and employees of a party to this Order, but <u>only</u> to the extent that counsel shall certify that the specifically named individual party or employees' assistance is necessary to the conduct of this litigation (in the form set forth at **Attachment B** hereto);

       3)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

       4)     Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

       5)     Other persons, <u>only</u> upon consent of the producing party or upon order of the Court, and on such conditions as are agreed to or ordered.

       c.     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those parties acknowledging their obligations under this Order.

d. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such documents, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

4. In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure, including: (1) filing redacted documents with the consent of the party who designated the document as CONFIDENTIAL; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Fed. R. Civ. Proc. 26(c). Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying Motion. Nothing in this Order shall be construed as a prior directive to the Clerk to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court, after proper Motion pursuant to Fed. R. Civ. Proc. 26(c).

5. Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

a. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge within fifteen (15) days from service of the document. The parties shall confer within fifteen (15) days from service of said written notice to determine if the dispute can be resolved without judicial intervention; if not, either party may seek the assistance of the Court.

b. Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

1) The party who claims that the documents are CONFIDENTIAL withdraws such designation in writing; or,

2) The Court rules that the documents should no longer be designated as CONFIDENTIAL information.

c. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

d. All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

e. Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents and deposition material treated as CONFIDENTIAL under this Order, including copies as defined above (¶ 3.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed

under seal); (2) the parties stipulate to destruction of the documents in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the document. Within forty-five (45) days following termination of this litigation, counsel shall serve a writing upon the parties setting forth the manner in which they have complied with these obligations. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product so long as that work product does not duplicate verbatim substantial portions of the text of CONFIDENTIAL documents or the CONFIDENTIAL information within. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL documents or information within.

6. This Order shall be subject to modification on Motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

7. The parties agree that this Confidentiality Order encompasses both the disclosure of the physical documents and communications regarding the contents of the documents.

8. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to the Confidentiality Order and understands that the terms of said Order obligate her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, to return all such materials and copies, and not to disclose any such confidential information to any other person, firm, or entity.

9. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of Court.

10. The undersigned hereby acknowledges that they have read the Confidentiality Order, understand the terms thereof, and agree to be bound by such terms.

**IT IS SO ORDERED.**

**DATED** this  31st         day of July, 2012.

 *s/ John S. Bryant*
Honorable John Bryant
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

/s/ Kristin Fecteau
Kristin Fecteau, Esq., BPR# 19772
*Law Office of Kristen Fecteau*
501 Union Street, Suite 307
Nashville, Tennessee 37219
(615) 248-8600
Attorney for Plaintiffs/Counter-Defendants

/s/ L. Gino Marchetti, Jr.
L. Gino Marchetti, Esq., BPR# 5562
William B. Hicky, Esq., BPR# 25452
*Taylor, Pigue, Marchetti & Blair, PLLC*
2908 Poston Avenue
Nashville, TN 37203
Phone (615) 320-3225
Attorneys for Defendants/Counter-Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES HUFFNAGLE, JAMES HEARN, REINHOLD HOLTKAMP, WILLIAM HEMRICK, MEL MARTIN, and HOWARD LUARTES, individually and in his Capacity as Member and Director, on behalf of TEA PARTY HD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY LOIACONO, individually and d/b/a HEADS & TAILS, INC., a suspended California corporation, <br><br> Defendants. | Case No.: 3:11-cv--01009 <br> JURY DEMAND |

## EXHIBIT A – DESIGNATION OF CONFIDENTIALITY

Documents produced herewith whose Bates numbers are listed below have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated 27th day of July, 2012.

**48-173: Bank Statements of Heads & Tails, Inc.**

**174-191: Board of Director Minutes for Heads & Tails, Inc.**

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, they are properly subject to protection under the terms of the Confidentiality Order.

[Check and complete one of the two options below].

　　X　　　"I am a member of the Tennessee Bar. My Tennessee Bar number is 025452."

　＿＿＿　"I am not a member of the Tennessee Bar, but am admitted to the bar of one or more states. The state which I conduct the majority of my practice is ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ where by Bar number is ＿＿＿＿＿＿. I

understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the Middle District of Tennessee as to any matter relating to this certification."

| | |
|---|---|
| /s/ William B. Hicky | July 27, 2012 |
| Signature of Counsel | Date |

William B. Hicky
Printed Name of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES HUFFNAGLE, JAMES HEARN, REINHOLD HOLTKAMP, WILLIAM HEMRICK, MEL MARTIN, and HOWARD LUARTES, individually and in his Capacity as Member and Director, on behalf of TEA PARTY HD, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY LOIACONO, individually and d/b/a HEADS & TAILS, INC., a suspended California corporation, <br><br> Defendants. | Case No.: 3:11-cv--01009 <br> JURY DEMAND |

## EXHIBIT B – DISCLOSURE OF CONFIDENTIAL MATERIAL

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 3.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on any "Acknowledgment of Understanding and Agreement to be Bound" form prior to releasing any confidential documents to the named individual, and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

☐ "A named party";

☐ "An employee of named party" _____. This

employee's job title is _____ and work address is

_____ ;

☐     "Expert witness(es)" _____. This expert's job title is _____ and work address is

_____ .

_____     _____
Signature                                                    Date

| We So Move: | We Consent: |
|---|---|
| /s/ L. Gino Marchetti, Jr. | /s/ Kristin Fecteau |
| L. Gino Marchetti, Jr., BPR #5562 | Kristin Fecteau, BPR #19772 |
| William B. Hicky, BPR #25452 | Law Office of Kristin Fecteau |
| Taylor, Pigue, Marchetti & Blair, PLLC | 501 Union Street, Suite 307 |
| 2908 Poston Avenue | Nashville, Tennessee 37219 |
| Nashville, Tennessee 37203 | (615) 248-8600 |
| (615) 320-3225 | (615) 248-8111 Fax |
| (615) 320-3244 Fax | |