IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES HUFFNAGLE, et al.      )
                                 )
v.                              ) NO. 3-11-1009
                               ) JUDGE CAMPBELL
ANTHONY LOIACONO, et al.    )

MEMORANDUM

Pending before the Court is Plaintiffs/Counter-Defendants' Motion for Summary Judgment
to Dismiss Counter-Complaint (Docket No. 64). For the reasons stated herein, Plaintiffs/Counter-
Defendants' Motion is GRANTED in part and DENIED in part.

FACTS

This shareholders' derivative action arises from the organization and operation of a director-
managed, Tennessee limited liability corporation called Tea Party HD, LLC. Plaintiffs were
members and/or directors of Tea Party HD at all relevant times herein. Defendant Loiacono was, at
all relevant times, a Charter Director and founder of Tea Party HD. Plaintiffs' Complaint alleges
violations of federal and state securities laws, Tennessee laws and common law.[1]

Defendant Loiacono and Defendant Heads & Tails, Inc. filed a Counter-Complaint against
Plaintiffs (Docket No. 22), contending that Plaintiffs/Counter-Defendants breached the Operating
Agreement of Tea Party HD, violated Tennessee statutory law, willfully and knowingly defamed
Loiacono, and are guilty of civil conspiracy and abuse of process. Plaintiffs/Counter-Defendants
have moved for summary judgment on all of the Counterclaims.

---

[1] A claim for violation of the Tennessee Consumer Protection Act was dismissed
by Plaintiffs on January 13, 2012. Docket No. 26.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## ABUSE OF PROCESS

Defendants/Counter-Plaintiffs do not dispute that the abuse of process claim should be dismissed, but they argue that the law is flawed. Docket No. 67, p. 16. Accordingly, the counterclaim for abuse of process is DISMISSED.

## DEFAMATION

The Counter-Complaint alleges, in paragraph 29, that Plaintiffs/Counter-Defendants willfully and knowingly defamed Loiacono and Heads and Tails, Inc. by filing with this Court a Verified Complaint containing knowingly false allegations. Although Counter-Plaintiffs argue, in their opposition brief, that certain e-mail communications contain defamatory statements, those allegations are not included in the Counter-Complaint, and Counter-Plaintiffs have not sought leave to amend. Therefore, the Court looks only to whether the Verified Complaint is defamatory.

As Plaintiffs/Counter-Defendants point out, Tennessee recognizes a litigation privilege under which statements made in the course of judicial proceedings which are relevant and pertinent to the issues are absolutely privileged and therefore cannot be used as a basis for a defamation action for damages. *ISSA v. Benson*, 2013 WL 3227049 at * 5 (Tenn. Ct. App. June 24, 2013) (citing *Jones v. Trice*, 360 S.W.2d 48, 40 (Tenn. 1962)). Courts have repeatedly embraced the privilege because access to the judicial process, freedom to institute an action, defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of the judicial system that it must be made paramount. *Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227, 231 (Tenn. Ct. App. 2010) (citing *Jones).*

Here, the Court finds that the statements in the Verified Complaint are absolutely privileged and Counter-Plaintiffs' defamation claim should be dismissed.

## VIOLATION OF THE OPERATING AGREEMENT

Counter-Plaintiffs contend that Counter-Defendants held a vote and illegally and inappropriately place Howard Luartes and Reinhold Holtkamp on the Board of Directors of the LLC. Counter-Plaintiffs aver that the Operating Agreement of the LLC requires that special meetings of

the members and directors may be had only on certain terms, including notice of not less than three days to other members/directors. Counter-Plaintiffs claim that no proper notice was given to Loiacono and, therefore, Luartes and Holtkamp were improperly placed on the board of directors.

Paragraph 17(c) of the Operating Agreement governs the notice to be given concerning meetings. That section provides, in part, that notice of a special meeting shall be delivered not less than three days before the meeting "to each Member or Director of record entitled to vote at such meeting." Docket No. 67-1. The Counter-Defendants argue that Counter-Plaintiff Loiacono was not entitled to vote on the selection of Luartes and Holtkamp, who were elected as "non-charter directors." Pursuant to Paragraph 9 of the Operating Agreement, non-charter directors were to be elected by the "non-charter members" only. Counter-Plaintiff Loiacono was a Charter Member and Director.

Thus, Paragraph 17(c) of the Operating Agreement requires notice only to each member or director entitled to vote, and Counter-Plaintiff Loiacono was not entitled to vote on these non-charter directors. Counter-Plaintiffs' claim that Counter-Defendants violated this notice provision of the Operating Agreement must be dismissed.[2]

## TENNESSEE STATUTORY LAW

Counter-Plaintiffs allege that Counter-Defendants have violated Tenn. Code Ann. § 48-249-403, particularly the duty of good faith and fair dealing. Counter-Plaintiffs claim that, after Loiacono learned of the selection of the two non-charter directors, he attempted to set a special meeting, pursuant to the Operating Agreement, by sending a notice pursuant to Paragraph 17. Counter-

---

[2]     Counter-Plaintiff's argument that the Operating Agreement was violated because the non-charter directors were not elected by August 2, 2010, does not change the Court's ruling.

Plaintiffs contend that this effort to appropriately set a special meeting was "blocked" by the Counter-Defendants, in violation of the general standards of conduct for members and directors of LLCs and in violation of the duty of good faith and fair dealing. Counter-Defendants characterize this allegation as a "failure to follow formalities."

Counter-Plaintiffs' allegation is not simply a failure to follow formalities. Counter-Plaintiffs contend that the Counter-Defendants conspired to violate both the Operating Agreement and Tennessee statutory law not only by failure to give notice, but also by failing to fund the LLC and by pressuring Loiacono to purchase the memberships of the Counter-Defendants. Basically, Loiacono alleges that the Counter-Defendants turned against him.

Tennessee law provides that a member of an LLC shall discharge the member's duties to a member-managed LLC and its other members and holders of financial rights under this Tennessee law or under the LLC documents, and shall exercise any rights with respect to the LLC consistently with the obligation of good faith and fair dealing. Tenn. Code Ann. § 48-249-403(d). The parties agree, however, that this LLC is director-managed, not member-managed. Docket No. 1, ¶ 7, and Docket No. 22, ¶ 7.

With regard to a director-managed LLC, Tennessee law provides that a member owes no duties to the LLC or to the other members or holders of financial rights solely by reason of being a member. Tenn. Code Ann. § 48-249-403(i)(1). A director, however, shall discharge all duties as a director in good faith and with the care an ordinarily prudent person in a like position would exercise under similar circumstances and in a manner the director reasonably believes to be in the best interests of the LLC. Tenn. Code Ann. § 48-249-403(i)(4).

Whether the Counter-Defendants violated any obligation as directors of the LLC by failing to fund the LLC and/or shutting Counter-Plaintiffs out of decisionmaking or any other action involves issues of fact which are disputed. Whether Counter-Defendants acted in good faith and with the care of an ordinarily prudent person in like circumstances is a jury question. Accordingly, Counter-Defendants' Motion for Summary Judgment on the claim for violation of Tennessee statutory law as to the conduct of LLC directors should be denied.[3]

## DAMAGES

Counter-Defendants argue that, even if they violated the Operating Agreement and/or Tennessee statutory law, Counter-Plaintiffs cannot show any damages. The Counterclaim alleges that, as a direct and proximate result of the actions of Counter-Defendants, Counter Plaintiff Loiacono has suffered shame and humiliation which will result in lost income and has incurred large attorney fees and costs of this litigation. Docket No. 22. Loiacono also claims that, because of the failure adequately to fund the LLC and because he was given no voice in the discussions about whether to continue the LLC or to present his ideas on how to move the LLC forward, he and his company (Heads and Tails, Inc.) have been deprived of future profits to be generated and Loiacono's reputation has been damaged. Docket No. 67.

Whether Counter Plaintiffs can prove these damages is not at issue on the pending Motion. Loiacono has at least created a genuine issue of fact as to whether, and to what extent, he has been damaged.

---

[3] Counter-Defendants argue that any failures to fund Tea Party HD would be a claim of Tea Party HD, not Loiacono in his individual capacity, but they cite no authority for this claim.

CIVIL CONSPIRACY

To establish a civil conspiracy claim, a party must show (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury. *Nippert v. Jackson*, 860 F.Supp.2d 554, 566 (M.D. Tenn. 2012); *Rock Ivy Holding, LLC v. RC Properties, LLC*, 2014 WL 356982 at * 15 (Tenn. Ct. App. Jan. 30, 2014).

Having dismissed Counter-Plaintiffs' defamation claim, the Court has also dismissed the underlying tort for which Counter-Plaintiffs allege civil conspiracy. Accordingly, the claim for civil conspiracy is also dismissed.

CONCLUSION

For these reasons, Plaintiffs/Counter-Defendants' Motion for Summary Judgment to Dismiss Counterclaim (Docket No. 64) is GRANTED in part and DENIED in part. Counter-Plaintiffs' claims for abuse of process, defamation, violation of the Operating Agreement, and civil conspiracy are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE