```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

JAMES HUFFNAGLE, *et al.*,           )
                                     )
         Plaintiffs                  )
                                     )      No. 3:11-1009
v.                                   )      Judge Campbell/Bryant
                                     )      **Jury Demand**
ANTHONY LOIACONCO, et al.,           )
                                     )
         Defendants                  )

**TO:  THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

Plaintiffs have filed their motion for sanctions for Defendants' spoliation of material evidence (Docket Entry No. 101), to which Defendants have responded in opposition (Docket Entry No. 116). Plaintiffs have filed a reply (Docket Entry No. 127).

For the reasons stated below, the undersigned Magistrate Judge recommends that this motion be GRANTED.

## STATEMENT OF THE CASE

Plaintiffs have filed this action alleging misrepresentation, fraud, conversion, and violation of securities laws by Defendants relating to the formation and operation of Tea Party HD, LLC. In summary, Plaintiffs claim that Defendant Loiacono and his company, Heads & Tails, Inc., fraudulently induced Plaintiffs to invest money in Tea Party HD, LLC, and then fraudulently misspent the money by paying himself and his family members exorbitant sums from company funds. Plaintiffs seek compensatory and punitive damages (Docket Entry No. 1).

Defendants have filed an answer denying liability and asserting a counterclaim (Docket Entry No. 22). Defendants seek recovery for "shame and humiliation" that will allegedly result in lost income to Defendant Loiacono.

**ANALYSIS**

As grounds for their motion, Plaintiffs assert that Defendant Loiacono has failed to produce in discovery numerous emails and text messages relevant to issues in this case. Specifically, Plaintiffs have obtained pertinent emails from discovery of third parties. Although these emails were sent to or from Defendant Loiacono, Defendant Loiacono has not produced these emails in discovery. In addition, Defendant Loiacono's son, Phillip Loiacono, has himself produced a number of emails sent to or from Defendant Loiacono which the Defendant has not produced in discovery. Defendant Loiacono apparently has produced no copies of text messages, although his son, Phillip, testified that Defendant sent him text messages regarding Tea Party HD. In addition, Plaintiffs allege that Defendant Loiacono "has not produced one record regarding the [Tea Party HD] website, including any designs or drafts of designs, payments made to staff for building it, instructions given to staff creating it, the application for the website and domain name, or any other details." (Docket Entry No. 102 at 6).

In their response, Defendants make several arguments. First, while not referencing specifically the emails, text messages and website records at issue, Defendants argue that they have produced over 1,000 pages of documents. Next, Defendants insist that Plaintiffs should not be heard to complain that Defendants have failed to produce emails with Plaintiffs since Plaintiffs should already have those available to them. Similarly, Defendants argue that the Plaintiffs should not complain about their failure to produce certain of the emails to the extent that Plaintiffs have been able to obtain such emails through discovery of third parties.

With respect to documentation relating to the creation of the Tea Party HD website, Defendants state that "Mr. Loiacono has turned over numerous documents showing hundreds of videos including but not limited to banner ads, advertiser logo's on videos produced both during live streaming and video-on-demand, embedded advertisements from sponsors who helped fund the Tea Party Express IV National Tour . . . , and more, as produced in discovery for work related to the Tea Party HD website." (Docket Entry No. 116 at 6). Defendants argue that "Plaintiffs' accusations regarding the destruction or deliberate withholding of corporate records are both unfounded and offensive." (*Id.*)

Despite Defendants' arguments, it appears they have intentionally failed to address the specific complaints upon which Plaintiffs' motion is based. First, Defendants make no claim that

3

they have produced <u>all</u> emails and text messages that are responsive to Plaintiffs' requests, nor do they offer any explanation for their apparent failure to do so. Similarly, Defendants have failed to assert that they have produced any contracts or agreements regarding design or creation of the Tea Party HD website, including invoices for such work or payments of such invoices. Again, while Defendants assert that they have produced some documents regarding the website, they ignore the fact that documents responsive to Plaintiffs' specific requests have not been produced.

In view of Defendants' unexplained failure to produce all responses, emails, text messages, and records concerning the design and creation of the website, Plaintiffs "can only surmise that Loiacono destroyed all his electronic communications." In the absence of other explanations from Defendants, Plaintiffs thus conclude that spoliation of this evidence has occurred. Nevertheless, the record does not appear to include any direct evidence that Defendants have destroyed the subject records. Instead, the record merely indicates that Defendants have failed to produce the requested information without an adequate explanation for their failure.

Rule 26(e)[1] of the Federal Rules of Civil Procedure provides that a party who has responded to a request for production of documents is under an obligation to supplement his prior response if the party learns that in some material respect the response is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to other parties during the discovery process or in writing. The undersigned Magistrate Judge finds from the motion papers of the parties that Defendants have made an incomplete response to request for production number 24 as well as items numbered 9, 11, 12 and 13 on the deposition notice of Defendant Loiacono. Specifically, Defendants have failed to produce a complete set of emails and text messages in response to request number 24 as well as documents related to the creation of the Tea Party HD website, including any charges or payments therefor. These are records that reasonably should be within the possession, custody or control of Defendants and Defendants have offered no explanation for their failure to produce these documents.

Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to provide information pursuant to the obligation to supplement prior responses imposed by Rule 26(e),

---

[1] Plaintiffs cite in both their motion and their supporting memorandum to the Tennessee Rules of Civil Procedure. However, the Federal Rules of Civil Procedure, and not the Tennessee rules, apply in this case.

that party is not allowed to use such information to supply evidence at a trial unless the failure was substantially justified or is harmless. In addition, the court may impose additional sanctions as provided in Rule 37(c).

From the record before the Court, the undersigned Magistrate Judge finds that Plaintiffs' motion for sanctions should be GRANTED, and that Defendants should not be allowed at trial to offer into evidence any document or other record responsive to Plaintiffs' requests for production that have not been produced in discovery. In addition, depending upon the evidence admitted and arguments made at the trial, the trial judge may wish to consider a jury instruction permitting an adverse inference based upon Defendants' failure to produce the subject information.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiffs' motion for sanctions be GRANTED and that Defendants at trial not be allowed to offer into evidence any document or record that they have not previously disclosed or produced during initial disclosures or discovery in the case. In addition, the undersigned recommends that, depending upon the evidence admitted and arguments made at trial, the trial judge may wish to consider a jury instruction including an adverse inference based upon Defendants' failure to produce responsive information during discovery.

6

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 3rd day of February, 2015.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge