IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES HUFFNAGLE, et al.  )
                         )
v.                       ) NO. 3-11-1009
                         ) JUDGE CAMPBELL
ANTHONY LOIACONO, et al. )

ORDER

Pending before the Court is Plaintiffs' renewed Motion for Judgment as a Matter of Law, pursuant to Fed. R. Civ. P. 50, on Defendant Loiacono's Counterclaim. The parties have filed post-trial briefs on this Motion, as ordered by the Court.

Rule 50 provides that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have sufficient evidentiary basis to find for the party on that issue, the court may grant a motion for judgment as a matter of law against the party. The jury found for Defendant Loiacono on his Counterclaim against Plaintiff Hemrick.

The Counterclaim alleged, among other things, that Loiacono and Hemrick agreed to start a business venture and that Tea Party HD, LLC was formed with two members, each owning 50% of the LLC, Loiacono and Hemrick. The Counterclaim alleged that while Loiacono was fulfilling his obligations to produce high quality professional media, Hemrick was unable or unwilling to fulfill his obligation of raising capital for the venture. The Counterclaim asserted that the actions of the Counter-Defendants, including Hemrick, were in violation of Tennessee law concerning the general standards of conduct for members and directors of LLCs and evidenced an absence of good faith and fair dealing.

In ruling on Counter-Defendants' Motion for Summary Judgment, the Court dismissed all alleged causes of action in Counter-Plaintiff's Counterclaim[1] except his claim that the Counter-Defendants who were directors of Tea Party HD, LLC violated their obligations as directors "by failing to fund the LLC and/or shutting Counter-Plaintiffs out of decisionmaking or any other action." Docket No. 92. The Court held that whether Counter-Defendants acted in good faith and with the care of an ordinarily prudent person in like circumstances was a jury question. *Id*. Therefore, the issue was submitted to the jury, which found, by ruling for Mr. Loiacono against Mr. Hemrick, that Hemrick did not act in good faith with the care of an ordinarily prudent person in like circumstances.

Hemrick argues that Loiacono's Counterclaim should never have been submitted to the jury in the first place because of Loiacono's discovery failures. Hemrick asks the Court to vacate the jury's verdict against him in favor of Loiacono for Loiacono's failure ever to state what his damages were in accordance with the rules of discovery. The Court finds, initially, that the time for discovery disputes, motions to compel, and sanctions generally needed to be raised prior to trial. Nonetheless, Hemrick's Motion should be denied for another reason.

The jury apparently found, based upon all the evidence before it, that Loiacono and Hemrick, the founding partners of the LLC, were each responsible for one-half of the money owed by Tea Party HD, LLC to third parties. Evidence of this outstanding indebtedness was put before the jury by the Plaintiffs, not by Loiacono. In other words, the jury verdict is not based upon any "surprise"

---

[1] Specifically, Counter-Plaintiff's claims for abuse of process, defamation, violation of the Operating Agreement and civil conspiracy were dismissed. Docket No. 93.

evidence offered by Loiacono. The jury can consider all the evidence, regardless of which party introduced it.

Hemrick argues that the purpose of pretrial discovery is to eliminate the element of surprise and to allow the parties to discern the issues prior to trial. Nothing about this award was trial by ambush. It was clear in the Counterclaim that Loiacono alleged that Hemrick breached his fiduciary duties by, among other things, failing to fund or obtain funds for the LLC. It was clear in the Court's prior Order that the breach of fiduciary duty claim against Hemrick involved questions of fact and had to be presented to the jury. It is clear from the jury verdict that the jury found Hemrick to have breached that duty. A reasonable jury could have based its award of damages upon the evidence Plaintiffs introduced about outstanding bills of the LLC.

Thus, the Court finds no error in the jury's verdict with regard to Mr. Hemrick. Even if it had been error to allow Loiacono to talk about his damages, which it was not, any such error would be harmless, since the evidence upon which the jury evidently based its calculations was introduced by Plaintiffs, not by Loiacono. A reasonable jury had a sufficient evidentiary basis to find for Loiacono on this part of his Counterclaim and award these damages. For these reasons, Counter-Defendants' Motion for Judgment as a Matter of Law is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3

Case 3:11-cv-01009   Document 192   Filed 04/02/15   Page 3 of 3 PageID #: 2413