JAMES HUFFNAGLE, et al.        )
                              )
v.                              ) NO. 3-11-1009
                              ) JUDGE CAMPBELL
ANTHONY LOIACONO, et al.     )

## MEMORANDUM

Pending before the Court are Plaintiffs' Motion for New Trial or Partial New Trial (Docket No. 182) and Defendant's Opposition thereto (Docket No. 194). For the reasons stated herein, Plaintiffs' Motion is DENIED.

## INTRODUCTION

Rule 59 of the Federal Rules of Civil Procedure provides that the Court may grant a new trial on all or some of the issues and to any party, after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted Rule 59 to require a new trial only when a jury has reached a seriously erroneous result as evidenced by (1) the verdict being against the weight of the evidence; (2) the damages being excessive;[1] or (3) the trial being unfair to the moving party in some fashion; i.e., the proceedings being influenced by prejudice or bias. *Advanced Sign Group, LLC v. Optec Displays, Inc.*, 772 F.3d 778, 787 (6th Cir. 2013).

Granting a new trial because the verdict is against the weight of the evidence is a "rare occurrence." *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012). It happens only when the verdict is said to be unreasonable. *Id.* The Court will uphold the verdict if

---

[1]       Plaintiffs do not argue that the damages in this case were excessive.

it was one which the jury reasonably could have reached. The Court cannot set it aside simply because it thinks another result is more justified. *Id.*

In considering a motion for new trial under Rule 59, the Court should not disturb a jury's verdict so long as it is based upon sufficient evidence and was reasonably reached. *Chandler v. Specialty Tires of America, Inc.*, 283 F.3d 818, 824 (6th Cir. 2002). When presented with conflicting evidence, credibility and factual determinations are properly left for the jury to resolve. *Id.* (*cited in N5ZX Aviation, Inc. v. Bell*, 2014 WL 1783753 (M.D. Tenn. May 5, 2014)).

FACTS

This case was tired to an eight-member jury for ten days. The jury heard from 13 witnesses and saw 91 exhibits. The jury heard arguments from both sides. The jury deliberated for more than a day, had opportunities to consider all the evidence presented, and sent a thoughtful question to the Court during deliberations.

After more than a day of deliberations, the jury found that Defendant did not make negligent or intentional misrepresentations to the Plaintiffs, that Defendant did not convert the property of the Plaintiffs, that Defendant did not breach his duty of loyalty to the Plaintiffs as an officer of the LLC, that Defendant did not sell securities to the Plaintiffs, and that Defendant was not liable for punitive damages. Docket No. 167. The jury found that Defendant did breach his fiduciary duty as a director to the LLC and that Defendant was unjustly enriched. *Id.* They awarded to Plaintiff Tea Party HD, LLC $26,178.00 from the Defendant. *Id.* The jury also found that Plaintiff Hemrick violated his fiduciary duty to Defendant and awarded Defendant $13,089.00 from Plaintiff Hemrick. *Id.*

2

Defendant argues that Plaintiffs' Motion for New Trial was untimely. A motion for a new trial must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). In this case, judgment was entered on February 26, 2015 (Docket No. 169). The Judgment was signed by the Clerk on February 25, 2015, but it was not entered until February 26, 2015. Plaintiffs filed their Motion for New Trial on March 26, 2015, twenty-eight days later. Plaintiffs' Motion was timely under Fed. R. Civ. P. 59(b).[2]

Plaintiffs contend that the jury verdict was contrary to the law and facts presented at trial. They argue that the "overwhelming evidence" showed liability on the part of Defendant on the claims for which the jury found no liability. They also argue that the verdict for Defendant against Plaintiff Hemrick is "nonsensical" and "absurd."

Plaintiffs and their counsel have not acknowledged the fact that it is the *jury* who decides whom to believe - not counsel or the parties or the Court. It is possible that the jury did not believe the Plaintiffs or their evidence. In determining the credibility of testimony and evidence, a reasonable jury could have found the Plaintiffs to be not credible. A reasonable jury could also have found the Plaintiffs to be credible. Neither finding is unreasonable or absurd. As noted above, credibility and factual determinations on conflicting evidence are properly left for the jury to resolve.

Plaintiffs contend that because Defendant made the same claims against all LLC Directors and the jury found liability only on the part of Mr. Hemrick, the verdict has no basis in law or fact. A reasonable jury could find one, but not all Plaintiffs liable on Defendant's claim. For example, a

---

[2] In his Response, Defendant asks the Court to vacate its prior Order on summary judgment, which the Court declines to do.

reasonable jury could have found that Hemrick, but not the other directors, violated his fiduciary duty to Defendant by failing adequately to fund the LLC. [3] A reasonable jury could have found that this violation caused harm to Defendant by, for example, causing harm to the LLC.

Plaintiffs also argue that the jury's failure to find fraud by Defendant was a "seriously erroneous result." Again, it is possible that the jury did not believe Plaintiffs or their evidence, in whole or in part. It is possible the jury believed some of Plaintiffs' evidence and some of Defendant's evidence. These possibilities are not unreasonable. The jury heard Plaintiff's arguments, witnessed all the testimony, and had access to all the exhibits. They deliberated for hours, and their verdict was considered and thoughtful.

Plaintiffs maintain that the jury's verdict is inconsistent because it found Defendant liable on the breach of fiduciary duty as an officer of the LLC and not as a director of the LLC. Although the elements of these claims are the same, the fiduciary duty of an officer requires the officer to discharge his duty with the care of an ordinarily prudent *officer* in like circumstances, and the fiduciary duty of a director requires the director to discharge his duty with the care of an ordinarily prudent *director* in like circumstances. A reasonable jury could have found one without the other.

Plaintiffs argue that the Court should have entered default judgment to Plaintiffs against Heads & Tails, Inc. and should have instructed the jury to enter judgment against it. The Court found that, despite Heads & Tails, Inc.'s failure to have an attorney, Plaintiffs still had to prove their case and their damages against Heads & Tails, Inc. - - entry of judgment and damages were not automatic

---

[3]     Plaintiffs assert that the "failure to adequately fund the LLC" claim is not viable as to Heads & Tails, Inc. The jury did not award money from Hemrick (or anyone else) to Heads & Tails, Inc., so this argument is irrelevant.

4

just because Heads & Tails, Inc. failed to defend.  The jury found that Plaintiffs had not carried their burden of proof with regard to this Defendant.  The Court will not disturb that verdict.

Finally, Plaintiffs argue that they were treated unfairly at trial "in many ways."  First, Plaintiffs contend that the Court improperly prevented Plaintiffs from using the depositions of Phillip Loiacono and Christy Loiacono, witnesses who were unavailable at trial.

The Court excluded depositions offered by *both* sides of this case for failure to designate which portions of the depositions they intended to use or to notify the Court that they intended to use the entire deposition.  *See* Docket No. 117 (Court's Order) and Local Rule 32.01(b).  Plaintiffs listed these two witnesses on their Witness List "via deposition," but they failed to designate certain passages or notify the Court and Defendant that they intended to use the entire depositions.

In excluding the depositions of Phillip Loiacano and Christy Loiacono, the Court stated:

> Yesterday, I excluded Mr. Loiacano's request to have counter designations of the depositions that were played because he had not complied with the prior order for designation of video depositions and it's my intent to exclude these witnesses on the same principle.  It's very important that the court be evenhanded about this. So unless you can show these were designated previously, they will be excluded.

Later, the Court went on:

> But here is the basic order.  The Court placed down an order and said this is how we are going to deal with the video depositions. You had to designate by a certain date, there had to be counter designations by a certain date and then the Court would resolve any objections between you. And it's very important that that procedure be followed.  Otherwise we're - first of all, there would be in the nature of an ambush about what evidence is going to be offered, but also you can't edit these videos on the fly in the middle of a court trial.  So if the order has been complied with, you can use it.  If the order has not been complied with, you can't.  It's just simply treating like parties alike.

. . .

I'm excluding both of the depositions. They weren't designated pursuant to the order that I put down, docket number 117, and the same is going to apply to any other depositions that we have. And if Mr. Loiacano wants to use any of the defendant's depositions, the same rule is going to apply to him.

Defendant also did not designate which portions of certain depositions he intended to use, and the Court excluded the portions he attempted to offer at trial. Defendant asked to "play the rest of the testimony," and the Court stated, "There was an opportunity to designate counter-designations, and it wasn't done, so the answer is no." The Court went on:

Well, the process under the local rule and the order I entered - - the order is at Docket Number 117. It is October 10, 2014. I set up a procedure so that we would have that resolved well before trial. And the process was for the plaintiffs to identify which portions of video depositions or entire depositions they intended to use. And they had to do that by October 15th. And you [Defendant] were to designate by way of counter-designations by Friday, October 17th, and none were filed. And that process is to make sure that the jury is only shown relevant and material evidence in video since it is impossible to edit them on the fly.

Plaintiffs and the Defendant were treated alike with regard to this issue of deposition designations, and the Court based its ruling upon its prior Order and Local Rule 32.10(b).[4]

---

[4]     (b) Use of Depositions at Trial. In jury cases, when a deposition is to be used at trial as the basic testimony of a witness, all counsel offering the deposition shall, at least fourteen (14) days prior to the trial date, advise opposing counsel of those portions of the deposition to be read from a transcript, or played on video, to the jury. Such portions are to be designated by underlining or otherwise marking on the deposition transcript, and if such designations are made on the same copy of the deposition transcript by attorneys representing different interests in the litigation, contrasting colors shall be used. All repetitions and irrelevant questions and answers and all colloquies between counsel - - including objections to questions, instruction to the deponent, impertinent remarks - - must be deleted. All objections to portions of the depositions thus prepared must be filed, along with any videos, no later than seven (7) days before trial in accordance with Rule 39.01(b)

6

Plaintiffs further contend that the Court erroneously allowed the "report" of James Whitfield into evidence while excluding the report of Glen Hughes. Mr. Hughes was an expert witness; Whitfield was not.

Plaintiffs argue that Mr. Whitfield's report is hearsay. The document which was entered during the direct testimony of Mr. Whitfield was entered into evidence without objection from Plaintiffs. Mr. Whitfield (who was hired by Plaintiffs) testified at trial, subject to extensive cross-examination by Plaintiffs' counsel, and the document about which Defendant questioned him was entered into evidence without objection. When Plaintiff's counsel later argued that the document was hearsay, the Court noted: "This has already been admitted into evidence and the witness created it I understand. Let's ask the witness a question."

When Plaintiffs moved into evidence the report of their expert, Mr. Hughes, who also testified at trial, the Court stated: "We'll mark it as an exhibit. His testimony is his evidence. We'll mark it for identification, not as an exhibit." The Court also admonished counsel that Mr. Hughes should not simply read from his report:

> We're not going to have reading. We're going to have questions and answers. Ask him what he relied on, and he can tell you, but we're not going to watch the witness read. So go ahead.

Also, the expert report is hearsay, as an out-of-court statement used for the truth thereof. Fed. R. Evid. 801. This assertion of error is without merit.

Plaintiffs allege that the Court never limited Defendant's scope of cross-examination but limited Plaintiffs to the scope of direct examination of Defendant's witnesses. The Court advised the parties, at the beginning of the trial, that because many of the witnesses were on both witness lists, he would allow Defendant latitude on cross-examination in order for the witnesses not to be

7

called twice; in other words, so the witnesses would not have to be recalled, their entire testimony was presented during Plaintiffs' proof. For example, during the cross-examination of the first witness, Dr. Huffnagle, counsel for the Plaintiffs objected to Defendant's questioning as improper. The Court stated: "I am going to allow him to do it so we only call this witness once and not twice." The Court is authorized to do this by Fed. R. Evid. 611.

Plaintiffs object that the Court gave Defendant legal advice in front of the jury and unfairly assisted Defendant, who was *pro se*, at trial. The instance Plaintiffs cite concerns the Court's reading of a portion of the jury charge before the end of the trial. The Court may instruct the jury at any time before the jury is discharged. Fed. R. Civ. P. 51(b)(3). Plaintiffs were not prejudiced and got a fair trial.

CONCLUSION

This trial was long and complex. The jury listened carefully to days of testimony, exhibits and arguments. The Court made fair and impartial decisions and gave warnings to both sides of the case concerning their behavior in Court. There was substantial evidence to support the jury's verdict, which was neither "nonsensical" nor "a train wreck." Plaintiffs simply do not like the result.

For all these reasons, Plaintiffs' Motion for New Trial is DENIED. The Court finds that this is not that "rare case" warranting a new trial.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8